Citation Nr: 1546234 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-14 403 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

1. Entitlement to an evaluation in excess of 10 percent for chondromalacia patella of the left knee.

2. Entitlement to an evaluation in excess of 10 percent for chondromalacia patella of the right knee.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Scott Shoreman, Counsel



INTRODUCTION

The Veteran served on active duty from January 1985 to January 1988 and from December 1990 to August 1991.

This matter come before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In a December 2014 decision, the Board denied entitlement to a compensable evaluation for increased evaluations for chondromalacia patella of the knees. The Veteran subsequently appealed the decision to the United States Court of Appeals for Veterans Claims (Court). While that case was pending at the Court, the Veteran's attorney and the VA Office of the General Counsel filed a joint motion to vacate the Board's decision and remand the Veteran's claim for readjudication. In a September 2015 Order, the Court granted the motion, vacated the Board's December 2014 decision, and remanded this case to the Board for readjudication.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the September 2015 joint motion for remand, the parties determined that the VA examination conducted to evaluate the severity of the Veteran's right knee and left knee disabilities was inadequate. Thus, the Board must remand this matter for compliance with the Court's September 2015 order granting the parties' joint motion to remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006) (holding that the duty to ensure compliance with the Court's order extends to the terms of the agreement struck by the parties that forms the basis of the joint motion to remand); cf. McBurney v. Shinseki, 23 Vet. App. 136, 140 (2009) (Board has a duty on remand to ensure compliance with the favorable terms stated in the joint motion for remand or explain why the terms will not be fulfilled.).

VA treatment records to July 2013 have been associated with the claims file. Thus, the RO should obtain all relevant VA treatment records dated since July 2013. 

Accordingly, the case is REMANDED for the following action:

1. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge of his knee disabilities, and the impact of these disabilities on his ability to work. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

2. Invite the Veteran to submit medical and hospitalization records, medical statements, and any other medical evidence not already of record relating to his claims. The Veteran should be provided an appropriate amount of time to submit this evidence. There must be two attempts made to request private treatment records, and all attempts must be documented in the claims file.

3. Obtain VA treatment records from July 2013 to the present.

4. After associating any pertinent, outstanding records with the claims folder, schedule the Veteran for an appropriate VA examination to identify the nature, extent and severity of all manifestations of his service-connected bilateral chondromalacia patella of the knees. The claims folder should be made available to and reviewed by the examiners and all necessary tests, including range of motion studies, must be performed. 

The examination must include range of motion measurements, stability testing, and whether there is additional limitation of motion of the knees after repetitive use testing.

The examiner must identify the impact of the disabilities on the Veteran's ability to secure or follow a substantially gainful occupation. A complete rationale for any opinion offered must be provided. If it would be speculative to state such an opinion, the examiner must state why that is so.

5. Then readjudicate the appeal. If any of the benefits sought on appeal are not granted in full, issue the appellant and his representative a supplemental statement of the case and provide them an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).